(No. 52150.—

JAMES L. SOULES, Appellee, v. GENERAL MOTORS CORPORATION, Appellant.

*Opinion filed March 21, 1980.*

GOLDENHERSH, C.J., UNDERWOOD and RYAN, JJ., took no part.

Davis & Morgan, of Peoria (John C. Mulgrew, Jr., and William R. Kohlhase, of counsel), for appellant.

Frank H. Byers, of Byers & Byers, of Decatur, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Plaintiff, James L. Soules, brought this action for damages in the circuit court of Macon County against defendant, General Motors Corporation. Plaintiff's complaint contained two counts, one based on fraudulent misrepresentation and the other based on negligent misrepresentation. The circuit court granted defendant's

motion to dismiss the complaint, but the appellate court, in a two-to-one decision, reversed, and remanded the cause. (71 Ill. App. 3d 23.) We granted defendant's petition for leave to appeal.

The pertinent facts alleged in plaintiff's complaint, accepted as true when ruling upon a motion to dismiss (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 96), and those contained in exhibits attached thereto, which constitute part of the complaint (Ill. Rev. Stat. 1977, ch. 110, par. 36; *Fowley v. Braden* (1954), 4 Ill. 2d 355, 358-59), are as follows. In March of 1973, plaintiff, seeking to invest money in a prospective automobile franchise, submitted to defendant an "Application for Approval of a Financial Investment in an Oldsmobile Dealership." Plaintiff and Mel Bishop entered into a written agreement on April 16 to form a corporation, Mel Bishop Oldsmobile, Inc., which thereafter acquired an Oldsmobile vehicle franchise from defendant. Plaintiff was made a director and vice-president of the corporation. The franchise agreement entered into on May 14 between the corporation and defendant stated that the corporate franchisee was required to establish and maintain "minimum owned net working capital" of $134,000. This figure represented the amount of net working capital supplied by investment and earnings. The agreement also recited that the franchisee currently had only $75,000, that it would retain 75% of its net profits in the business until the $134,000 figure was reached, and that it would thereafter maintain at least that amount. The agreement further required the franchisee to submit periodic financial reports to defendant.

In reliance on defendant's oral representations that the franchisee met defendant's minimum financial requirements, plaintiff invested $50,000 by purchase of capital stock of the corporation and loaned $75,000 to Bishop to acquire the dealership location. Furthermore, in continued reliance on defendant's integrity and oral representation that the franchisee met both the defendant's original and

its continuing financial requirements, plaintiff guaranteed repayment of business loans made to the franchisee. Although the defendant knew that the franchisee did not meet either defendant's original or continuing financial requirements, and that the franchisee's periodic financial reports were false, plaintiff had no knowledge of these facts. Plaintiff did not learn, until sometime in 1976 or 1977, that the franchisee failed to meet defendant's original and continuing financial requirements. On May 22, 1975, defendant induced Bishop to prepare a letter terminating the franchise. The complaint finally alleges that defendant's conduct and actions caused plaintiff to suffer damages in a stated amount.

The circuit court, following a hearing, granted defendant's motion to dismiss. The dismissal was with prejudice; therefore, plaintiff's motion for leave to file a second amended complaint was denied. At the hearing on defendant's motion, the court stated that "as a matter of law I do not believe there is or can be alleged a cause of action here on behalf of the plaintiff. I think the plaintiff, as a director of the corporation here, should have and had the absolute right and duty to know the financial affairs of the corporation and was not entitled to rely on any representation made by the defendant in this case, or any other third party."

Although the appellate court reversed, it agreed with the circuit court that the plaintiff, because he was a director of the corporation, was not justified in relying on defendant's representations that the franchisee met the original "minimum owned net working capital" requirement of $134,000. The basis for the appellate court's reversal was its finding that plaintiff's status as director did not have this same operative effect with respect to defendant's representations that the franchisee met its continuing, as opposed to original, financial requirements. Plaintiff, in asking us to affirm the appellate court judgment, asserts that the conclusion of the appellate court was correct. We will, therefore, not consider the portion of

the appellate court opinion which held against plaintiff—that he had no right to rely on defendant's representations as to the original financial requirements of the franchisee.

As disclosed by decisions of this court, the elements of a cause of action for fraudulent misrepresentation (sometimes referred to as "fraud and deceit" or "deceit") are: (1) false statement of material fact (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 333; *Roth v. Roth* (1970), 45 Ill. 2d 19, 23; *Roda v. Berko* (1948), 401 Ill. 335, 339-40; *Bennett v. Hodge* (1940), 374 Ill. 326, 332.) Furthermore, the reliance by the other party must be justified, *i.e.*, he must have had a right to rely. *Schmidt v. Landfield* (1960), 20 Ill. 2d 89, 94; Prosser, Torts sec. 105, at 686 (4th ed. 1971); Restatement (Second) of Torts sec. 537 (1977).

Defendant contends that plaintiff, as a corporate director, had no right to rely on any alleged misrepresentation by defendant, even as to the franchisee's continuing financial requirements. As previously stated, the franchise agreement required the franchisee to retain 75% of its net profits in the business until it attained "minimum owned net working capital" of $134,000 and, thereafter, to maintain at least that amount. The question of plaintiff's right to rely on defendant's representations that the franchisee was meeting its continuing financial requirements cannot be resolved simply by noting plaintiff's status or position in the corporation. The question is whether, under all the circumstances, plaintiff had a right to rely on the false representations. This question is to be answered while viewing the representation in light of all the facts of which plaintiff had actual knowledge as well as those of which he "might have availed himself by the exercise of ordinary prudence." *Schmidt v. Landfield*

(1960), 20 Ill. 2d 89, 94, quoting *Dillman v. Nadlehoffer* (1886), 119 Ill. 567, 577. See also *Bundesen v. Lewis* (1938), 368 Ill. 623, 632-37.

Plaintiff alleges that the franchisee's periodic financial reports, which it was required to submit to defendant, were false and known by defendant to be false. Regardless, therefore, of plaintiff's access to such reports due to his position in the corporation, examination of allegedly false reports would not have revealed that the franchisee failed to meet its continuing financial requirements. Consequently, based upon the limited record before us, we cannot say that plaintiff's reliance on the truth of defendant's representations regarding the continuing financial requirements was unjustified. The circuit court erred in holding otherwise.

Because of the circuit court's misapprehension as to the portion of plaintiff's complaint concerning the continuing financial requirements of the franchisee, the cause is remanded to the circuit court to allow plaintiff to plead anew. Accordingly, we will not consider other matters not reached by the circuit court.

The judgment of the appellate court, as modified, is affirmed and the cause is remanded to the circuit court for further proceedings in accordance with this opinion.

*Affirmed as modified, and*
*remanded, with directions.*

GOLDENHERSH, C.J., and UNDERWOOD and RYAN, JJ., took no part in the consideration or decision of this case.