**ESTATE OF Robert ZEILER, et al., Plaintiffs,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

No. 83 C 5655.

United States District Court, N.D. Illinois, E.D.

Sept. 7, 1983.

Norman H. Lehrer, Lehrer & Flaherty, Wheaton, Ill., for plaintiffs.

James B. Davidson, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for defendant.

MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Prudential Insurance Company of America ("Prudential") filed a timely removal petition in this diversity action originally brought by Illinois residents in the Circuit Court of DuPage County.[1] Plaintiffs now move under Section 1447 to remand the action to the Illinois court on the ground this is a "direct action against the insurer of a policy or contract of liability insurance ... to which action the insured is not

1. Prudential's state of incorporation and principal place of business, and hence its sole place of citizenship under 28 U.S.C. § 1332(c) (all citations to Title 28 hereafter will simply be to "Section—"), are in New Jersey. That satisfies the complete diversity requirement of Section 1332(a)(1).

joined as a party defendant...."—calling into play a 1964 proviso to Section 1332(c) that makes the insurer a citizen of the same state as the insured. That motion cannot prevail.

In its inception the 1964 amendment to Section 1332(c) was intended to deal with the *tort-claim* "direct action" statutes (initially in Louisiana and Wisconsin) that were viewed as putting an undue burden on the federal courts' diversity jurisdiction, see *White v. United States Fidelity & Guaranty Co.,* 356 F.2d 746, 747–48 (1st Cir.1966). In that sense "direct action" could be viewed essentially as a term of art, and *White* and numerous other cases have construed the statute narrowly for that reason.

It is true other cases have recently taken a more expansive approach, see *Aetna Casualty & Surety Insurance Co. v. Greene,* 606 F.2d 123, 125–26 (6th Cir.1979); *O.M. Greene Livestock Co. v. Azalea Meats, Inc.,* 516 F.2d 509 (5th Cir.1975). But such cases have dealt with true "liability insurance"— insurance offered to protect against liability running to a plaintiff from a third person (whether liability owed to an injured party by the owner of an automobile, or to an injured employee by the employer in a workmen's compensation situation, or to an unpaid seller by a bonded purchaser who later proves to be insolvent).

This Court has indeed found *one* case in which a party suing (like plaintiffs here) an insurance company for disability benefits under a group policy was held within the scope of the Section 1332(c) proviso, *Tyson v. Connecticut General Life Insurance Co.,* 495 F.Supp. 240 (E.D.Mich.1980). That decision seems ill-advised to this Court, for such policies do not insure a party (the employer) against his or its own *existing* liability, as in all the situations previously described—instead (both in *Tyson* and here) the policies themselves *create* the alleged liability as a contractual matter. In fact the claim in such a case is really *by* the insured employee against the insurer, rath-

er than by a third party against the insurer without joining the insured (as the Section 1332(c) proviso literally reads). Such a policy is not one of "liability insurance." [2]

Plaintiffs' motion to remand is denied.

---

**2.** This Court of course shares the concern expressed by Judge Joiner in *Tyson* about the burdens of diversity jurisdiction (495 F.Supp. at

243–44 n. * ), but that concern is no basis for a judicial amendment to the statute.