BODINE'S INC., Plaintiff,

v.

FEDERAL INSURANCE COMPANY, et al., Defendants.

No. 84 C 5388.

United States District Court, N.D. Illinois, E.D.

Nov. 13, 1984.

Michael P. Casey, Edward R. Vrdolyak, Ltd., Chicago, Ill., for plaintiff.

James M. Hoey, James R. Swinehart, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiff, Bodine's, Inc. (Bodine's), brought this action against the Federal Insurance Company (Federal), the Chubb Group of Insurance Companies (Chubb) and the Associated Agencies, Inc. (Associated) in state court. Defendants removed the case to this court on the basis of diversity jurisdiction. The case is before the court on two related motions. First, defendants moved to dismiss Chubb and Associated from the action. In response, Bodine's requests the court to remand the case to state court.

### I. *Factual Background*

This case centers around an insurance policy. The insurance agreement expressly states that "[Bodine's] ... is insured by [Federal]" and that "[Federal] has issued this policy...." Exhibit "A" to Complaint For Declaratory Judgment. The policy contains property, business interruption, and boiler and machinery coverage.

Bodine's is a manufacturer incorporated under the laws of Illinois and has its principal place of business in Illinois. Federal is an insurance company incorporated in New Jersey and has its principal place of business there. For the purposes of diversity jurisdiction, Bodine's is a citizen of Illinois, and Federal is a citizen of New Jersey. 28 U.S.C. § 1332(c) (1983).

Chubb manages insurance policies for several insurance companies, including Federal. Associated is the agent/broker for the insurance policy at issue in this case. Plaintiff alleges that both Chubb and Associated are "residents" of Illinois. Plaintiff's Brief in Opposition to Defendant's [sic] Motion to Dismiss at 1. Although defendants deny that Chubb is a citizen of Illinois, the court assumes for the sake of this decision that both Chubb and Associated are non-diverse to Bodine's.

Bodine's filed an action on the policy against the three defendants in the Circuit Court for Cook County. In its complaint, Bodine's asserted that all three defendants issued the insurance policy. Complaint For Declaratory Judgment at 2. On June 25, 1984, defendants petitioned to remove the case to this court pursuant to 28 U.S.C. § 1441(a). Defendants based their petition on diversity of citizenship under 28 U.S.C. § 1332. On the same day, defendants also moved to dismiss Chubb and Associated from the action for failure to state a cause of action against them. The pleadings and attached affidavits claim that neither Chubb nor Associated issued the policy or was a party thereto.

In their pleadings, defendants argue primarily that Chubb and Associated were fraudulently joined to defeat diversity jurisdiction. Therefore, defendants urge the court to dismiss Chubb and Associated and allow the matter to proceed in this court. On the other hand, Bodine's moves to remand the case to state court for two reasons.[1] First, Bodine's denies that defendants have met the burden necessary to establish fraudulent joinder. Second, Bodine's insists that, regardless of the status of Chubb and Associated, Federal is non-diverse to Bodine's under the direct action proviso to 28 U.S.C. § 1332(c). The court addresses these contentions in turn.

### II. *Discussion*

■ It is axiomatic that the right to remove a diversity action "cannot be defeat-

---

**1.** Bodine's does not dispute that this suit involves the requisite amount in controversy.

Therefore, the issues raised go only to diversity of citizenship.

ed by a fraudulent joinder of a resident defendant having no real connection with the controversy." *E.g., Chesapeake & Ohio Ry. v. Cockrell*, 232 U.S. 146, 152, 34 S.Ct. 278, 280, 58 L.Ed. 544 (1914); *Wecker v. National Enameling Co.*, 204 U.S. 176, 185–86, 27 S.Ct. 184, 188, 51 L.Ed. 430 (1907). It is equally clear, however, that "[t]he burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *Miller v. Firestone Tire & Rubber Co.*, 581 F.Supp. 36, 37 (W.D.Pa.1984).

■ In order to establish that an in-state defendant has been fraudulently joined, "[t]he removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *B., Inc.*, 663 F.2d at 549. In the absence of direct proof that there has been outright fraud in the plaintiff's pleading of jurisdictional facts, as in this case, "the stringent test for fraudulent joinder has uniformly been at least whether there is any reasonable basis for predicting that state law might impose liability on the non-diverse defendant." *American Mutual Liability Insurance Co. v. Flintkote Co.*, 565 F.Supp. 843, 845 (S.D.N.Y.1983). Similarly, the District Court for the Central District of Illinois has adopted the rule that "joinder may be fraudulent if the plaintiff fails to state a cause of action against the resident defendant, and failure is obvious according to the settled rules of the state." *Chappell v. SCA Services, Inc.*, 540 F.Supp. 1087, 1091 (C.D.Ill.1982).

The Eighth Circuit recently applied these strict standards to find fraudulent joinder in a similar case. *Anderson v. Home Insurance Co.*, 724 F.2d 82 (8th Cir.1983). In *Anderson*, the plaintiff-insured sued the defendant-insurer in state court on a fire insurance policy. The plaintiff added the insurer's non-diverse insurance agent as a defendant. The district court found that joinder of the insurance agent was fraudulent, allowed removal under 28 U.S.C. § 1441(a), and dismissed the claim against the agent for misjoinder under Fed.R. Civ.P. 21. 724 F.2d at 83–84.

On appeal, the Eighth Circuit agreed with the district court that joinder was fraudulent. *Id.* at 84. The circuit court observed that, on the face of the pleadings, the plaintiff stated no claim against the non-diverse insurance agent because the plaintiff-insured and the defendant-insurer were the only parties to the insurance contract. *Id.* As a result, the agent was not an indispensable party under Fed.R.Civ.P. 19(a) and had no genuine interest in the case. *See id.* Therefore, the Eighth Circuit held that the district court properly dismissed the plaintiff's claim against the non-diverse defendant. *Id.*

■ Plaintiff has attempted to state a cause of action against Chubb and Associated simply by stating in its complaint that, together with Federal, they issued the insurance policy. Complaint for Declaratory Judgment at 2. On the other hand, defendants have established that neither Chubb nor Associated was a party to the insurance contract or issued the insurance policy. The most important evidence supporting defendants' position is the insurance policy itself, attached to plaintiff's complaint. The insurance agreement specifically states that Bodine's is insured by Federal and that Federal has issued the policy. Furthermore, the policy and its numerous amendments repeatedly refer to the obligations and liabilities of "the company," which is shorthand for the Federal Insurance Company. Exhibit "A" to Complaint for Declaratory Judgment. Nowhere does the policy suggest that it was issued by either Chubb or Associated.

In addition, in support of their motion to dismiss, defendants have submitted affidavits of two representatives of Chubb and Associated both stating that neither company issued the insurance policy to Bodine's. Reply to Plaintiff's Response to Defendants' Motion to Dismiss, Exhibits "A" and "B". The court may consider these affidavits in ruling on defendants' motion. *B., Inc.*, 663 F.2d at 549. Plaintiff has offered

nothing to rebut defendants' contention. Thus, the court must treat this factual assertion as uncontested.[2]

Evaluating all of the contested factual allegations in the light most favorable to Bodine's and resolving all contested issues of substantive fact in favor of Bodine's, the court concludes that there is no reasonable basis to believe that state contract law might impose liability on Chubb and Associated. Accordingly, the court dismisses the claim of Bodine's against Chubb and Associated.

 Finally, without citing any authority, Bodine's argues that diversity between Federal and Bodine's does not exist by virtue of the proviso to 28 U.S.C. § 1332(c). Section 1332(c) provides in relevant part that "in any direct action against the insurer of a policy or contract of liability insurance ... to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen...." *Id.* The court rejects this argument.

This court recently held that "Section 1332(c) was intended to deal with the *tort-claim* 'direct action' statutes ... that were viewed as putting an undue burden on the federal courts' diversity jurisdiction." *Estate of Zeiler v. Prudential Insurance Co.*, 570 F.Supp. 627, 628 (N.D.Ill.1983) (original emphasis). Another court explained that "[i]t is clear from the history and application ... of 1332(c) ... that ... it applies only to 'direct actions' between the insurer and an injured party. It does not apply to actions between the insurer and the insured." *Fidelity and Deposit Co. v. Southern Utilities, Inc.*, 524 F.Supp. 692, 693 (M.D.Ga.1981). This case obviously does not involve a direct action between an injured third party and an insurer. Rather, Bodine's, the insured, sued Federal, the insurer.

Furthermore, section 1332(c) expressly applies only to direct actions on a policy or contract of liability insurance. The courts have recognized that "the term 'liability insurance' has over the years ... come to be accepted ... as meaning an indemnity agreement which protects the insured against his liability to others, and the report of the Senate Committee on [1332(c)] ... discloses that it was this meaning that the Senate had in mind in considering the amendment...." *Twin City Fire Insurance Co. v. Wilkerson*, 247 F.Supp. 766, 767 (E.D.Tenn.1965). The policy in this case insures the property, machinery and business of Bodine's and is clearly not a contract of liability insurance as contemplated by § 1332(c). Therefore, the proviso to § 1332(c) simply does not apply to this case, and diversity exists between Bodine's and Federal.

### III. *Conclusion*

For the reasons stated above, the court grants defendants' motion to dismiss Chubb and Associated from the action and denies plaintiff's motion to remand the claim against Federal to state court.

---

2. Even without the affidavits, the court would still find that neither Chubb nor Associated issued the insurance policy. The court treats this as an uncontested fact deducible from the policy itself and unchallenged by any of plaintiff's factual allegations.