**PLANT PROCESS EQUIPMENT, INC.
and Clark V. Kennedy, Plaintiffs,**

v.

**CONTINENTAL CARBONIC
PRODUCTS, INC., et al.,
Defendants.**

**No. 87 C 193.**

United States District Court,
N.D. Illinois, E.D.

Sept. 10, 1987.

Larry Selander, Keck, Mahin & Cate, Chicago, Ill., for plaintiffs.

Lorence H. Slutzky, Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before this court is plaintiffs-counterdefendants' motion to dismiss defendant-counterplaintiff's counterclaim pursuant to Fed.R.Civ.P. 12(b)(6). Counterplaintiff's action is based on several common law theories and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* Jurisdiction is based on 28 U.S.C. §§ 1331 and 1332. For the reasons stated herein, plaintiffs-counterdefendants' motion to dismiss is granted in part and denied in part.

## FACTS

Defendant-counterplaintiff Continental Carbonic Products, Inc. (Continental) is a Delaware corporation with its principal place of business in Illinois. Plaintiff-counterdefendant Plant Process Equipment Inc. is incorporated and maintains its principal place of business in Texas. Plaintiff-counterdefendant Kennedy is a resident of Texas. (Hereinafter counterdefendants are collectively referred to as PPEI.)

This action arises from an alleged breach of a contract entered into between defendant-counterplaintiff Continental and plaintiff-counterdefendant PPEI. The parties entered into an agreement in which PPEI promised to design, fabricate and construct a dry ice processing plant for Continental. Prior to the agreement, PPEI characterized itself as an expert in such construction projects. In addition, PPEI allegedly made various misrepresentations to Continental as to the status of the construction project. Some of these misrepresentations were made by means of the mails and wires. The contract ultimately went awry and this litigation ensued.

## DISCUSSION

### A. *Fraudulent Misrepresentation*

■ PPEI moves to dismiss the fraud claim in Count IV. PPEI argues that Continental failed to plead fraud with sufficient particularity as required by Rule 9(b). This court disagrees.

To establish a prima facie case of fraudulent misrepresentation, the following elements must be proven: (1) material misrepresentation of fact made by defendant; (2) scienter; (3) an intent to induce plaintiff's reliance upon the misrepresentation; (4) causation; (5) justifiable reliance upon the misrepresentation; and (6) damages resulting from the misrepresentation. *Soules v. General Motors Corp.,* 79 Ill.2d 282, 286, 37 Ill.Dec. 597, 599, 402 N.E.2d 599, 601 (1980); *Higgins v. Kleronomos,* 121 Ill. App.3d 316, 76 Ill.Dec. 913, 917, 459 N.E.2d 1048, 1052 (1984); *Wilsmann v. Stearns,* 664 F.Supp. 386 (N.D.Ill.1987) (Bua, J.).

Continental clearly identifies the fraudulent misrepresentation made by PPEI. In paragraph 38 of the complaint, Continental alleges PPEI represented that it would construct a fully operational dry ice processing plant in accordance with contract specifications. Consequently, Continental satisfied the pleading requirements of Rule 9(b). This court believes PPEI was sufficiently apprised of the material misrepresentation to afford it an opportunity to conduct meaningful discovery. PPEI is not obligated to shoot into the dark; instead, PPEI can conduct lucid, candid discovery around the relevant issues.

Neither party has addressed a second issue. At first glance, it would appear that Continental failed to satisfy the first element of a prima facie case for fraudulent misrepresentation, that PPEI made a material misrepresentation of fact. An initial examination would appear to indicate that PPEI made a misrepresentation of future conduct and not past fact. In general, a representation of future conduct is merely the opinion of the person making the representation. An opinion is merely the expectation of the person making the representation, and that opinion is subject to change.

This court recently recognized an exception to the general rule barring actions based on "promissory fraud." *Wilsmann v. Stearns*, 664 F.Supp. 386 (N.D.Ill.1987) (Bua, J.). In *Wilsmann*, this court held that an intentional misrepresentation of future conduct will satisfy the material misrepresentation requirement when the false promise is alleged to be the scheme employed to accomplish the fraud, and defendant made the promise with no intention of keeping it.

■ In the instant case, Continental asserts that PPEI promised to provide Continental with a fully operational dry ice processing plant. Complaint at ¶ 38. Moreover, Continental alleged that PPEI had no intention of ever performing its obligations under the agreement. Complaint at ¶ 40. Such allegations satisfy the first element of a fraud claim, that PPEI made a material misrepresentation.

■ This court believes PPEI's false promise falls squarely within the exception enunciated by this court in *Wilsmann v. Stearns*, 664 F.Supp. 386 (N.D.Ill.1987). Consequently, this court finds that Continental stated a cognizable fraud claim. This court would have rejected the fraud claim had PPEI merely changed its mind after entering into the contract and decided not to perform on the contract. A contracting party is generally free to refuse performance suffering the consequences through a breach of contract action and not a tort action. This action is an exception to the general rule because Continental alleges PPEI never intended to keep its promise to construct a fully operational dry ice processing plant in accordance with contract specifications. Consequently, Continental's allegations circumvent the general rule that a promise to perform future services is not a misrepresentation.

In sum, Continental satisfied the pleading requirements of stating a claim of fraudulent misrepresentation. Therefore, this court denies PPEI's motion to dismiss Count IV.

## B. RICO

PPEI argues that Continental's RICO claim fails to state a claim for which relief can be granted under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961 *et seq.* More specifically, PPEI contends that Continental failed to allege the necessary pattern of racketeering activity because Continental failed to establish the continuity prong of the "continuity plus relationship" test established in *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

This court finds that Continental failed to properly plead any RICO claims under § 1962(a) through (d). Continental failed to set forth the requisite pattern of racketeering activity required for each RICO claim.

Section 1964 of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964, enables a private plaintiff to bring a civil rights suit based on a violation of § 1962. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). In such a case, a plaintiff acts in the capacity of a private attorney general.

■ A violation of § 1962(a) requires the receipt of income from a pattern of racketeering, and the use of that income in the operation of an enterprise. *Masi v. Ford City Bank and Trust Co.*, 779 F.2d 397, 401 (7th Cir.1985). A violation of § 1962(b) requires a person engaging in a pattern of racketeering activity to acquire or maintain an interest in an enterprise engaged in interstate commerce. A § 1962(c) violation requires a person employed by an enterprise to participate in the conduct of that enterprise's affairs through a pattern of racketeering activity. *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). Finally, a § 1962(d) violation requires a person to conspire to violate any subsection of § 1962. In all sections, a crucial element of the claim is the existence of a pattern of racketeering activity. A pattern of racketeering activity requires at the barest minimum two predicate acts of racketeering activity. 18 U.S.C. § 1961.

The Seventh Circuit set forth the pleading requirements to properly allege a pattern of racketeering activity in *Morgan v. Bank of Waukegan,* 804 F.2d 970 (7th Cir. 1986). In *Morgan,* defendants made false representations which induced plaintiffs to invest money and pledge security in a speculative venture. The defendant bank agreed to lend money to the participants in the venture. In return, plaintiffs were persuaded to enter into a land trust agreement conveying a beneficial interest in their home to the bank. Two years later, when the venture defaulted, the individual defendants formed a new corporation and with the bank's consent purchased the initial venture's remaining assets. The same scenario was repeated two years later to form another new corporation. Mailings were made in connection with the initial loan arrangement and the creation of both corporations. When this third corporation failed, the defendant bank foreclosed on plaintiffs' home.

The *Morgan* plaintiffs instituted an action alleging a RICO violation. Defendants moved to dismiss for failure to plead a pattern of racketeering activity. The Seventh Circuit held that plaintiffs successfully alleged a pattern of racketeering activity. The *Morgan* court required the predicate acts to demonstrate "both a continuity and relationship in order to constitute a pattern of racketeering activity." The court ruled that the plaintiffs had satisfied this requirement.

■ The Seventh Circuit adopted a new legal test to determine the existence of a pattern of racketeering activity. This test has a fact-oriented standard. The "relationship" prong of the *Morgan* test requires the predicate acts to be committed somewhat closely in time to one another, involve the same victim, or involve the same type of misconduct. The "continuity" prong requires predicate acts to occur at different points in time or involve different victims. *Morgan* at 975. To be sufficiently continuous to constitute a pattern of racketeering activity, the predicate acts must be ongoing over an identified period of time so that they can fairly be viewed as constituting separate transactions. *Id.*

■ In *Morgan,* the Seventh Circuit enunciated several relevant factors to evaluate continuity. These factors include the number and variety of predicate acts, the length of time over which these acts were committed, the number of victims, the presence of separate schemes, and the occurrence of distinct injuries. *Id.* at 975.

Applying the "continuity plus relationship" test to different facts resulted in a different conclusion in *Lipin Enterprises v. Lee,* 803 F.2d 322 (7th Cir.1986). In *Lee,* the Seventh Circuit held that the plaintiff had failed to allege a pattern of racketeering activity. The *Lee* plaintiff claimed that the defendant had violated § 1962 of the RICO statute by inducing plaintiff to buy a business for a price substantially greater than its value. Defendant engaged in a scheme to induce plaintiff to purchase the business and this scheme involved 12 acts of mail fraud. The Seventh Circuit held that plaintiff failed to allege a pattern of racketeering activity. The *Lee* court held that plaintiff satisfied the "relationship" prong of the pattern test by alleging that the defendant's acts involved only one victim (the plaintiff), one scheme (to fraudulently induce plaintiff to buy the business), a brief period of time (several months), and a single transaction (the purchase of the business). However, the Seventh Circuit held that the "continuity" prong of the pattern test was not satisfied despite defendant's commission of 12 acts of mail fraud.

■ In the instant case, this court holds that Continental failed to satisfy the continuity prong of the *Morgan* test. This case involves only one victim, Continental. Continental only suffered one injury on one occasion, the dry ice facility was never completed. Continental only set forth one scheme designed by PPEI to defraud Continental. The predicate acts alleged by Continental, while multiple, represent one scheme. These facts are similar to the facts before the Seventh Circuit in *Lipin Enterprises v. Lee,* 803 F.2d 322 (7th Cir. 1986). Consequently, this court follows the

rationale enunciated by the *Lee* court. Therefore, this court holds that Continental failed to satisfy the continuity prong of the *Morgan* test and failed to allege a pattern of racketeering activity. Accordingly, this court grants PPEI's motion to dismiss the RICO claim in Count I.

## CONCLUSION

This court grants PPEI's motion to dismiss Continental's RICO claim in Count I. However, this court denies PPEI's motion to dismiss Continental's fraudulent misrepresentation claim in Count IV. Diversity jurisdiction empowers this court to retain the viable common law claims.

IT IS SO ORDERED.