**OTTAWA STRONG & STRONG, an Illinois Partnership, and Strong & Strong, Inc., an Illinois Corporation, Plaintiffs,**

v.

**McLEOD BISHOP SYSTEMS, INC., a Delaware Corporation, and Gordon R. Schlagel, Defendants.**

No. 87 C 7781.

United States District Court, N.D. Illinois, E.D.

Nov. 16, 1987.

John L. Cantlin, Ottawa, Ill., for plaintiffs.

Alan R. Borlack, Mark L. Gordon and David R. Tannen, Gordon & Glickson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Ottawa Strong & Strong and Strong & Strong, Inc. brought this action in the Illinois Circuit Court of LaSalle County against defendants McLeod Bishop Systems, Inc. ("McLeod") and Gordon Schlagel. Defendants petitioned to remove to the United States District Court for the Northern District of Illinois on the basis of diversity jurisdiction. Plaintiffs petition for remand to the Illinois court. For the following reasons, we remand this action to the Illinois Circuit Court.

### I

This four-count action against McLeod and Schlagel revolves around McLeod's sale of a computer system and lease of a software program to plaintiffs. Count I alleges breach of the sales and product license agreements. Counts II and III allege breaches of warranty. Count IV alleges fraudulent misrepresentation in the negotiation of the agreements.

In their removal petition, defendants contend this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441. Both plaintiffs reside in Illinois. Defendant McLeod is a Delaware corporation, and neither party disputes that its principal place of business is in Ottawa, Canada. Defendant Schlagel, branch manager of McLeod's Chicago office, is a resident of Illinois. Counts I through III of this four-count action state a claim only against McLeod. Defendants contend that Count IV does not state a cause of action against Schlagel, the resident defendant, and that he was fraudulently joined to defeat diversity jurisdiction. Plaintiffs respond, and we agree, that the complaint states a cause of action against Schlagel. Accordingly, diversity is incomplete, and this Court lacks jurisdiction.

### II

For Schlagel to have been properly joined, Count IV must state a fraudulent misrepresentation cause of action against Schlagel. *Bodine's, Inc. v. Federal Ins. Co.*, 601 F.Supp. 47, 49 (N.D.Ill.1984). To

state such a claim under Illinois law,[1] a plaintiff must plead with particularity that defendants knowingly made false representations of material fact intended to induce plaintiffs' reliance, and plaintiffs actually and justiably relied on the misrepresentations to their detriment. *Soules v. General Motors Corp.*, 79 Ill.2d 282, 286, 37 Ill.Dec. 597, 599, 402 N.E.2d 599, 601 (1980); *Wilhoite v. Fastenware, Inc.*, 354 F.Supp. 856, 858 (N.D.Ill.1973). Defendants contend that rather than alleging misrepresentations of fact, plaintiffs alleged false promises to perform a future act, which do not constitute actionable fraud in Illinois.[2] *Serig v. South Cook County Service Corp.*, 581 F.Supp. 575, 579 (N.D.Ill.1984); *Brudnicki v. General Electric Co.*, 535 F.Supp. 84, 88 (N.D.Ill.1982).

Looking at Count IV in its entirety, we believe plaintiffs have pled misrepresentations of fact, and there is a " 'reasonable basis for predicting that state law might impose liability on the non-diverse defendant.' " *Bodine*, 601 F.Supp. at 49, quoting *American Mutual Liability Ins. Co. v. Flintkote Co.*, 565 F.Supp. 843, 845 (S.D.N.Y.1983). The gravamen of Count IV is that Schlagel misrepresented that the software program could be quickly and cheaply modified to accommodate plaintiffs' business requirements. Specifically, Schlagel stated that "it would not be difficult" to customize the computer software program at issue to plaintiffs' business needs, and that any modifications "could be made without a great deal of time expended by the Defendants and without the Plaintiffs having to pay a great deal in fees," knowing "that such modifications ... would be extremely difficult and entail a great deal of modification time and fee expense." Complaint, Count IV, ¶¶ 13–16. Plaintiffs also allege in Counts I through III that defendants' written proposal estimated a modification time of ten days at $400 per day. Count I, ¶¶ 14–15; Count II, ¶¶ 15, 18; Count III, ¶¶ 16–17.

Plaintiffs' position in the negotiation of these agreements is not unusual in the world of computer software purchasing and leasing. Vendors of large software application packages often market products that can be customized to the needs of a variety of businesses. Potential purchasers of these software programs must rely on software vendors' representations that the products can be adequately modified to fit their unique business requirements. They purchase or lease a product expecting that it can be so modified and often obtain the contractual promise of the vendor to make the modification. If the product cannot be modified as represented, the product may be useless to the purchaser or require significant delay and expense in making the modification.

There is no principled basis for denying those who purchase software on these representations the protections of a fraudulent misrepresentation cause of action. Defendants contend that their promises to quickly and cheaply modify the software converted the representations of fact to a promise. We disagree. Representations as allegedly made by the defendants are representations of fact, regardless of a vendors' accompanying or subsequent promise to perform the modifications. A vendor's promise should not relieve the vendor of liability for inducing the purchase through misrepresentations. Defendants have not provided, and we have not found, any support in Illinois law for relieving a party of liability under the tort of fraud solely because the party guaranteed the representations in a contract.

### III

### CONCLUSION

Having alleged that Schlagel made misrepresentations of fact, plaintiffs have stated a cause of action against Schlagel in Count IV. Accordingly, Schlagel was properly joined and diversity is incomplete. The petition to remand to the Illinois Cir-

---

**1.** We agree with the parties that Illinois provides the governing law.

**2.** Defendants appear to contend that Count IV fails to state a claim against both McLeod and Schlagel.

cuit Court of LaSalle County is granted. It is so ordered.