(No. 87-CC-4067—

ROYAL DENTAL MANUFACTURING, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion and order filed January 17, 1989.*

EVANS & DIXON, for Claimant.

REED, ARMSTRONG, GORMAN & COFFEY, for Respondent.

## OPINION AND ORDER

MONTANA, C.J.

The Respondent has moved to dismiss the complaint. In ruling on a motion to dismiss, all facts properly pleaded in the complaint and those contained in exhibits made part of the complaint are to be taken as true for purposes of (and only for the purposes of) the motion. *Soules v. General Motors, Corp.* (1980), 79 Ill. 2d 282; 37 Ill. Dec. 597; 402 N.E.2d 599.

As so construed, the complaint alleges that Claimant was the lowest responsible bidder for certain materials

the Respondent wished to purchase under the Illinois Purchasing Act. (Ill. Rev. Stat. ch. 127, pars. 132.1ff, hereinafter referred to as the "Purchasing Act".) Instead of awarding the contract to Claimant, the Complaint alleges that Respondent awarded the contract to a bidder which had submitted a higher bid which, Claimant asserts, establishes a violation of the Purchasing Act.

Initially, we note that the Purchasing Act requires more than the lowest bid. It requires the Respondent to accept the lowest "responsible" bidder (Section 6a of the Purchasing Act, Ill. Rev. Stat., ch. 127, par. 132.6a.), which permits Respondent to consider in its discretion factors other than a low price in determining which bidder should be awarded a contract. (Section 132.6 of the Purchasing Act, Ill. Rev. Stat. ch. 127, par. 132.6.) But, we need not decide whether the complaint sets forth sufficient allegations to establish that Respondent abused its discretion in determining that Claimant's competitor was more "responsible" than Claimant even though its price was higher. The complaint fails for more basic reasons.

The complaint asserts two theories of recovery. The first theory is grounded on section 8(a) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.8(a)) which states, in pertinent part, that this Court "shall have exclusive jurisdiction to hear and determine * * * [a]ll claims against the State founded upon any law of the State of Illinois * * *." Claimant's argument is that since, in its view, there has been an alleged violation of the Illinois Purchasing Act, this Court can award it damages under section 8(a) of the Court of Claims Act.

However, the Purchasing Act provides no private right of action for damages on the basis of an alleged violation of its provisions. This Court will not imply such

a right of action and there is no authority cited or discovered by us that would compel us to do so. Accordingly, we do not accept Claimant's first theory of recovery based upon section 8(a) of the Court of Claims Act and an alleged violation of the Purchasing Act.

Claimant's second theory of recovery is based upon section 8(d) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 489.8(d)) which gives this Court exclusive jurisdiction to hear and determine "[a]ll claims against the State for damages in cases sounding in tort * * *." Here, Claimant argues that Respondent's alleged violation of the Purchasing Act is a tort and, therefore, Claimant is entitled to damages caused by Respondent's action. We need not decide the merits of Claimant's doubtful assertion that in this case an alleged violation of the Purchasing Act is a tort. It is sufficient in ruling on this motion to cite the Illinois Supreme Court's holding in *Anderson Electric Inc. v. Ledbetter Erection Corp.* (1986), 115 Ill. 2d 146; 104 Ill. Dec. 689; 503 N.E.2d 246. In that case, the Court held that a plaintiff, such as the Claimant here, who seeks recovery of purely economic losses such as profits due to defeated expectations of a commercial transaction, cannot recover in tort. Therefore, Claimant's second theory of recovery must fail as well.

Accordingly, it is hereby ordered that Respondent's motion to dismiss is granted and this claim is dismissed.