(No. 33874.—

THE PEOPLE *ex rel.* RALPH J. BENTSON *et al.*, Appellants, *vs.* HARRY BOWEN *et al.*, Appellees.

*Opinion filed May 23, 1956—Rehearing denied September 24, 1956.*

CHARLES A. DARLING, of Aurora, for appellants.

REID, OCHSENSCHLAGER & MURPHY, and HAROLD L. BEAMISH, both of Aurora, (L. M. OCHSENSCHLAGER, and ROBERT B. HUPP, of counsel,) for appellees.

Mr. CHIEF JUSTICE HERSHEY delivered the opinion of the court:

The plaintiffs filed petitions in the circuit court of Kane County for leave to file complaints in *quo warranto* against the defendants, civil service commissioners of the city of Aurora, requiring them to show by what authority they held their offices. The defendants answered by alleging that they were lawfully appointed by the city council pursuant to a 1919 amendment to section 18 of the Civil Service of Cities Act (Ill. Rev. Stat. 1955, chap. 24½, par 57.) The plaintiffs countered by asserting that this amendment was void in that it violated section 13 of article IV of the Illinois constitution.

The causes were consolidated, and after a hearing the trial court found the statute to be constitutionally valid and denied plaintiffs leave to file a *quo warranto* complaint.

The plaintiffs' position is that the amendment is void because its subject is not expressed in the title and it purported to amend a prior law by reference to its title only without inserting the section amended at length in the new act, in violation of section 13 of article IV of our constitution.

The defendants argue that the amendment is valid in all respects, but first urge a procedural point. They state that the granting or denying of an application for leave to file a complaint in *quo warranto* rests in the sound discretion of the trial court and will not be disturbed on appeal except upon a showing of a clear abuse of that discretion. Since the order recites that evidence was heard and the plaintiffs failed to furnish a transcript of those proceedings, they urge that this court must assume there are sufficient facts of record to support the trial court's denial of leave to file the complaint.

While it is true the order recites that evidence was heard and no transcript of that evidence is furnished by the plaintiffs, it is clear the court denied permission to file

the complaint solely because it believed the statute constitutional. For the order makes specific findings, and apart from a minor construction question which is not at issue on appeal, all relate to the validity of the statute. Under the circumstances, therefore, it was not necessary to have this evidence in the appeal record, and the constitutional question is squarely presented for our decision.

Section 13 of article IV of the Illinois constitution provides, *inter alia,* as follows: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed; and no law shall be revived, or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act."

The title of the amendatory act here involved, passed in 1915, is as follows: "An Act to amend section 18 of an Act entitled 'An Act to regulate the civil service of cities,' approved and in force March 20, 1895, as amended by an Act approved June 13, 1895, and in force July 1, 1895." The body of the amendment repeats, with only minor changes, section 18 then in force, (Hurd's Stat. 1913, chap. 24, par. 463), but it also adds the following proviso: "Provided, that in cities having the commission form of government the appointment of Civil Service Commissioners shall be made by the City Council." In their pleadings and brief the plaintiffs mistakenly assume this proviso was added by a 1919 amendment, but we consider their objections as if properly raised against the 1915 act.

The plaintiffs contend initially that the subject is not expressed in the title. They argue that the amendatory portion of the bill, which deals with the appointment of commissioners, is not germane to the section of the act purportedly amended, which relates to salaries and expenses of commissioners. They do not cite a case directly in point,

but refer to the following language from an early decision of this court: "The amendment of an act in general, or of a particular section of an act, *ex vi termini,* implies merely a change of its provisions upon the same subject to which the act or section relates." *Dolese* v. *Pierce,* 124 Ill. 140, 146.

However, this court in subsequent cases has held that the amendatory portion need only be germane to the general statute. For example, in *Department of Public Works and Bldgs.* v. *Chicago Title and Trust Company,* 408 Ill. 41, the title of the amendment read: "An Act to amend section 2 of 'An Act in relation to the acquisition, control, maintenance, improvement and protection of State Parks,' approved June 26, 1925, as amended." The court considered the foregoing title to be as broad as the general statute itself, stating: "Where the title of an original act is repeated in the title of the amendatory act, the amendatory act is as broad and comprehensive as the act amended, and any provision which might have been inserted in the original act may be inserted in the amendatory act without violating the constitutional provision that the subject of the act be expressed in the title." See also: *People* v. *Lewis,* 5Ill. 2d 117; *City of Evanston* v. *Wazau,* 364 Ill. 198; *Malloy v. City of Chicago,* 369 Ill. 97.

The rule affirmed in the foregoing cases is dispositive, for the subject matter of the amendment (the appointment of civil service commissioners in cities with the commission form of government) is germane to the general statute dealing with the civil service of cities.

Likewise, the plaintiffs' additional claim of invalidity, that there was an unlawful amendment by reference, cannot be sustained.

It is settled that an amendment does not violate section 13 of article IV where it is complete in itself and it is unnecessary to refer to the original act in order to determine its effect. "The purpose of the constitutional provi-

sion is to avoid confusion arising from patchwork legislation but does not require practically endless reiteration of amended statutes, nor that when a new act is passed all prior acts in any way modified by it shall be published at length in the amendatory act. [Citation.] Where a new law is complete in itself and entirely intelligible without reference to prior legislation it is valid though incidentally its effect is to modify existing law." (*People ex rel. Mc-Donough* v. *Beemsterboer,* 356 Ill. 432, 435. See also: *People ex rel. Lindheimer* v. *Gaylord Building Corp.* 369 Ill. 371, 377; *Co-ordinated Transport Inc.* v. *Barrett,* 412 Ill. 321, 330.) Here, the amendatory portion of the act is complete in itself and entirely intelligible, in that one need refer to no other statute to ascertain that in cities with the commission form of government it is the council that appoints the civil service commissioners.

For the reasons stated, we believe the trial court correctly found the amendment to be constitutional, and, accordingly, the plaintiffs have not shown it was an abuse of discretion to refuse them leave to file a complaint in *quo warranto.*

*Judgment affirmed.*