LAWRENCE MARINO, Plaintiff-Appellant, v. UNITED BANK OF ILLINOIS, N.A., Defendant-Appellee.

Second District   No. 84—920

Opinion filed October 18, 1985.

Alex M. Abate, of Rockford, for appellant.

Theodore Liebovich, of Liebovich & Gaziano, of Rockford, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

Lawrence Marino, plaintiff, successfully bid at a sheriff's sale which took place on November 22, 1983. The property was being sold after United Bank of Illinois filed a complaint to foreclose a mortgage executed by Kenneth and Elizabeth Vosberg on January 9, 1981. After purchasing the property plaintiff attempted, in the instant action, to vacate the sale and to have his purchase money returned, on the basis of misrepresentations alleged to have been made by Linda Kream, an attorney who was sent to bid at the sale as representative of Theodore Liebovich, the attorney for the mortgagee. On May 30, 1984, the trial court ordered the sale vacated. However, on defendant's motion to reconsider, the trial court reversed its earlier order and confirmed the sale. Plaintiff Marino appeals from that order.

On November 22, 1983, the sheriff's sale of the property was held. According to plaintiff, Lawrence Marino, he intended to find out about the property and then make a decision as to whether to bid. He did not examine the records of the Winnebago County recorder's office to check the title, nor did he consult an attorney prior to submitting a bid. He attempted to obtain information through talking with Deputy Sheriff Claytor before the sale. Plaintiff asked Claytor about liens and encumbrances on the property, and Claytor told him that there was a mortgage of $8,800, $2,000 in attorney fees, $2,100 in taxes owed, and other miscellaneous liens, the total of which amounted to $14,327. Claytor told plaintiff to check with Liebovich, the attorney who was handling the case. Plaintiff then talked with attorney Linda Kream, who told him that she was attending the sale in place of Liebovich. According to plaintiff, he asked Linda Kream whether there were any encumbrances on the property. Before replying, Kream looked through a file and replied, "Well there's none that I can see," and then said, "This isn't my case, so I wouldn't know." Kream indicated to Marino that it was Liebovich's case, but that he was not available that day.

Linda Kream testified that she was an associate attorney with the firm of Liebovich and Gaziano and that Liebovich had asked her to appear at the sale and bid on behalf of the United Bank of Illinois. She had a foreclosure file and a cashier's check in an amount over $13,000. Kream testified that she was unfamiliar with the file as she had not been handling the case. Before the sale, plaintiff approached her and asked her how much she was going to bid. After telling him, plaintiff indicated that he would bid $1 more. Kream testified that plaintiff then asked her if there were any liens ahead of the bank's, and that she replied that it was not her case, so she would only know what was contained in the file. Plaintiff asked if she would look through the file, and she did. She then told plaintiff that there did not appear to be any other liens, but that she was not sure and she would not want him to reply on that. On cross-examination, Kream indicated that there was a title policy in file, but that she did not examine it.

Plaintiff successfully bid $13,541 for the property and the court approved the sale on December 12, 1983. On April 6, 1984, plaintiff sought to vacate the sale, alleging that Kream had informed him that no other liens or encumbrances existed on the property, and that he relied on her statement and thereafter purchased the property. He further asserted that he had since been joined as a defendant in an action by First Federal Savings and Loan of Rockford,

and that it was at that time that he first became aware of liens and encumbrances superior to his interest. Marino's complaint alleged that United Bank of Illinois had a duty to join all parties with liens on the property, and asked that the sale be vacated and his money returned.

In response, United Bank of Illinois contended that plaintiff was not entitled to set aside the sale unless he could show fraud or misrepresentation, there were no statements made to induce plaintiff to purchase the property, and that plaintiff could not reasonably have relied on any statements that were made. In an affidavit, Kream stated that at the time of the sheriff's sale, she did not have knowledge of the liens which were listed in plaintiff's motion to vacate.

The court found no fraud, but ordered the sale vacated because of Marino's reliance on Kream's unintentional misrepresentation. The court ordered United Bank of Illinois to reimburse Marino for the amount of money it received from the sale. United Bank of Illinois moved for reconsideration, alleging that Marino failed to prove that an assertion of fact was made to him on which he was entitled to reply, that plaintiff failed to prove the existence of the liens, and that there was no cause of action for an unintentional misrepresentation. The court granted defendant's motion to reconsider, vacated its prior order, and confirmed the sheriff's sale of November 22, 1983. Notice of appeal was timely filed.

■■ Generally the doctrine of *caveat emptor* applies to judicial sales, and the risk of a mistake or defect of title is to be borne by the purchaser unless there is fraud, misrepresentation, or mistake of fact. (*Checkley & Co. v. Citizens National Bank* (1969), 43 Ill. 2d 347, 349, 253 N.E.2d 441, 443.) In this case, plaintiff Marino alleges that because there was a misrepresentation by Kream, equity requires that the sale be vacated.

To establish fraudulent misrepresentation, plaintiff must show a false statement of material fact made by defendant, defendant's knowledge or belief that the statement was false, defendant's intent to induce plaintiff to act, an action by plaintiff in justifiable reliance on that statement, and damage to plaintiff resulting from such reliance. (*Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286, 402 N.E.2d 599, 601; *Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 32, 446 N.E.2d 1205, 1207-08.) These elements must be proved for a charge of fraud, whether in a suit at law or an equity. *Murphy v. Walters* (1980), 87 Ill. App. 3d 415, 419, 410 N.E.2d 107, 111.

■ Examining these elements, it is clear that plaintiff failed to

prove a fraudulent misrepresentation by attorney Kream. To begin with, plaintiff failed to prove a false statement of material fact. Matters of fact are to be distinguished from expressions of opinion, which cannot form the basis of an action of fraud. (*Oltmer v. Zamora* (1981), 94 Ill. App. 3d 651, 653, 418 N.E.2d 506, 508.) A representation is one of opinion rather than fact if it only expresses the speaker's belief, without certainty, as to the existence of a fact. (Restatement (Second) of Torts sec. 538A (1977).) By both plaintiff's and Kream's account, Kream indicated that from the information in the file there did not appear to be any liens or encumbrances, but she expressly told plaintiff that she was not sure of that fact because it was not her case. Her statement would appear to be an opinion since it was only her belief, stated without certainty, as to the existence of a fact. In his belief, plaintiff argues that due to Kream's status as an attorney, she can be said to have held herself out to have "special knowledge" such that there was an implied assertion of fact. In view of her expressed disclaimer of knowledge of any facts of the case, plaintiff's argument is not persuasive.

There was also no evidence that the statement made was known to be false, and the lack of certainty expressed by Kream would not support a finding that she made the statement with the intent to induce plaintiff to act. In determining whether there was justified reliance, it is necessary to consider all of the facts in plaintiff's actual knowledge as well as those which he could have discovered by the exercise of ordinary prudence. (*Soules v. General Motors Corp.* (1980), 79 Ill. 2d 282, 286, 402 N.E.2d 599, 601.) While a person may rely on a statement without investigation if the party making the statement creates a false sense of security or blocks further inquiry (*Carter v. Mueller* (1983), 120 Ill. App. 3d 314, 319, 457 N.E.2d 1335, 1340), it must be determined whether the facts were such as to put a reasonable man on inquiry. (*Keeshin v. Levin* (1975), 31 Ill. App. 3d 790, 796, 334 N.E.2d 898, 903.) In this case, the lack of certainty of Kream's statement was sufficient to put a reasonable person on inquiry, and plaintiff was not justified in relying on that statement without taking appropriate steps to check the title.

■ Finally, on appeal, defendant also argues that plaintiff failed to prove any damage because he attempted to prove the existence of liens on the property by asking that the trial court take judicial notice of the decree in a different case. Because we affirm for the reasons stated, it is unnecessary to consider this issue.

While we conclude that plaintiff failed to show fraudulent mis-

representation, Illinois has also recognized a cause of action for negligent misrepresentation. In order to maintain such action, the plaintiff must plead and prove a duty owed by defendant to plaintiff, a breach of such duty, and injury resulting proximately from such breach. (*Duhl v. Nash Realty, Inc.* (1981), 102 Ill. App. 3d 483, 493, 429 N.E.2d 1267, 1275.) An action for negligent misrepresentation is maintainable where one who is in the business of supplying information for guidance of others in their business transactions makes negligent misrepresentations. (*Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 88-89, 435 N.E.2d 443, 452; *Black, Jackson & Simmons Insurance Brokerage, Inc. v. International Business Machines Corp.* (1982), 109 Ill. App. 3d 132, 135, 440 N.E.2d 282, 283-84; *Duhl v. Nash Realty, Inc.* (1981), 102 Ill. App. 3d 483, 493, 429 N.E.2d 1267, 1276.) Plaintiff has neither pleaded nor proved the necessary elements to maintain an action for negligent misrepresentation.

■ Plaintiff contends that it was incumbent upon defendant to search for liens and encumbrances and join all parties having subsequent liens, and that, in foreclosure, the mortgagee should search for intervening transfers or liens and should join record owners as parties defendant. (*Kling v. Ghilarducci* (1954), 3 Ill. 2d 454, 462-63, 121 N.E.2d 752, 757.) However, in *Baldi v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 29, 31-33, 446 N.E.2d 1205, 1207-08, the court rejected an argument that a junior mortgagee should be a necessary party to a foreclosure of a senior encumbrance. While defendant could have joined those parties with subsequent liens on the property, it had no duty to do so.

The judgment of the circuit court of Winnebago County is therefore affirmed.

Affirmed.

NASH, P.J., and LINDBERG, J., concur.