L.R.J. RYAN, Wersi Chicago, Inc., Muxical Corporation, et al., Plaintiffs–Appellants,

v.

WERSI ELECTRONIC GmbH AND COMPANY, Frank Gross, Wilhelm E. Franz, et al., Defendants–Appellees.

No. 94–2783.

United States Court of Appeals, Seventh Circuit.

Argued May 10, 1995.

Decided June 28, 1995.

Rehearing Denied Aug. 29, 1995.

Douglas W. Graham (argued), Chicago, IL, for plaintiffs-appellants.

Russell J. Hoover (argued), Jenner & Block, Chicago, IL, for defendants-appellees.

Before CUDAHY, ESCHBACH, and RIPPLE, Circuit Judges.

PER CURIAM.

Plaintiff L.R.J. Ryan ("Ryan") appeals from the district court's order granting summary judgment in favor of defendants on Ryan's claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS 505/1–505/12. For the reasons below, we affirm.

## I.

This case is before us for the second time.[1] In 1990, Ryan filed a five-count suit alleging causes of action against the defendants for common law fraud, statutory fraud, securities fraud, breach of contract and civil RICO. The district court dismissed Ryan's statutory fraud claim on the sole rationale that Ryan failed to allege a public injury pursuant to the Illinois Consumer Fraud Act. The court then disposed of Ryan's other four claims on defendants' summary judgment motion. On appeal, we affirmed the district court's grant of summary judgment; however, noting that the Illinois Consumer Fraud Act never had a public injury requirement, we reversed the district court's dismissal of Ryan's statutory fraud claim and remanded this claim to the district court for further proceedings.

Pursuant to our remand, the district court reexamined Ryan's claim under the Illinois Consumer Fraud Act. Ryan alleged that defendant Wersi Electronic GmbH & Co. ("Wersi–Germany") fraudulently induced him to purchase stock of Wersi Electronics, Inc. ("WEI"), a subsidiary company of Wersi–Germany based in Pennsylvania, by falsely promising him exclusive distributorship rights and by misrepresenting WEI's financial condition. On June 21, 1994, the district court entered summary judgment against Ryan on the Consumer Fraud Act claim because it determined that Ryan had failed to show that the alleged misrepresentations were material and proximately resulted in damages. Ryan filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

The sole issue on this appeal is whether the district court properly granted Wersi–Germany's motion for summary judgment on Ryan's claim under the Illinois Consumer Fraud Act. The district court found that summary judgment was appropriate because Ryan failed to make a showing sufficient to establish that the alleged misrepresentations were material and proximately resulted in damages. We review the district court's grant of summary judgment *de novo*, and we draw all reasonable inferences from the record in the light most favorable to the non-moving party. *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir.1994). The non-moving party, however, cannot rest on the pleadings alone, but instead must identify specific facts to establish that there is a genuine triable issue. *Id.* "Once a party files a motion for summary judgment showing within its four corners entitlement to prevail, judgment must be entered 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial.'" *Tatalovich v. City of Superior*, 904 F.2d 1135, 1139 (7th Cir.1990) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

The Illinois Consumer Fraud Act expressly provides for a private right of action. *See* 815 ILCS 505/10a(a) ("Any person who suffers damage as a result of a violation of this Act committed by any other person may bring an action against such person.") Moreover, Illinois law does not require a plaintiff to prove actual reliance in order to establish a claim under the Consumer Fraud Act. *See Siegel v. Levy Organization Dev. Co.*, 153 Ill.2d 534, 180 Ill.Dec. 300, 304, 607 N.E.2d 194, 198 (1992). However, a private plaintiff is still required to show that the alleged misrepresentations were material, *see Duran v. Leslie Oldsmobile, Inc.*, 229 Ill. App.3d 1032, 171 Ill.Dec. 835, 841, 594 N.E.2d 1355, 1361 (1992) ("the materiality of the misrepresented fact is still an element of a claim under the Consumer Fraud Act"), and that these misrepresentations proximately resulted in damages, *see Adler v. William Blair & Co.*, 271 Ill.App.3d 117, 207 Ill.Dec. 770, 778, 648 N.E.2d 226, 234 (1995) ("as in any other tort, to sustain a cause of action under the Consumer Fraud Act, the plaintiffs must further allege that damages were proximately caused by the fraud"). *See also Martin v. Heinold Commodities, Inc.*, 163 Ill.2d

---

1. The facts of this case are set forth in detail in our prior opinion, *Ryan v. Wersi Electronics GmbH & Co.*, 3 F.3d 174 (7th Cir.1993), and we will therefore only repeat those facts which are necessary for our discussion.

33, 205 Ill.Dec. 443, 456, 643 N.E.2d 734, 747 (1994) (explaining that the analysis under the Illinois Consumer Fraud Act is "similar to the analysis used by [the] Federal courts which require both transaction causation and loss causation in order to recover for misrepresentation in securities cases").

The Illinois Consumer Fraud Act prohibits the "misrepresentation or the concealment, suppression or omission of any *material* fact." 815 ILCS 505/2 (emphasis added). To be material under Illinois law, the misrepresented fact must be essential to the transaction between the parties. *Mack v. Plaza Dewitt Ltd. Partnership*, 137 Ill. App.3d 343, 92 Ill.Dec. 169, 175, 484 N.E.2d 900, 906 (1985). As the district court pointed out, Wersi–Germany's alleged promise to grant Ryan exclusive distributorship rights upon his purchase of the WEI stock cannot be considered essential to the transaction since neither the Stock Purchase Agreement nor the final Intercompany Agreement mention any such exclusive distribution rights. Ryan, an experienced business consultant who entered into this complex international business transaction with the assistance of counsel, would have insisted that these documents contain an exclusive distributorship provision had this been an essential element of the transaction.

In addition, Wersi–Germany's oral statements regarding WEI's profitability cannot be considered material in light of the circumstances surrounding this stock purchase transaction. Ryan claims that the defendants fraudulently misrepresented the financial condition of WEI; however, prior to signing the purchasing agreement, Ryan had received WEI's financial statements which plainly showed the company's losses. As we held in Ryan's previous appeal with regards to his securities fraud claim, "[a] reasonable investor would not have considered Wersi–Germany's statements material in light of the written financial information that Mr. Ryan had been provided with prior to the WEI stock purchase." *Ryan*, 3 F.3d at 183. *See also Mack*, 92 Ill.Dec. at 175, 484 N.E.2d at 906 ("A misrepresentation is 'material' and therefore actionable if it is such that had the other party been aware of it, he would have acted differently."). Since Ryan was provided with clear, written documentation of WEI's true financial condition before he entered into the stock purchase agreement, we conclude that the defendants' alleged misrepresentations about WEI's profitability must not have been material to this transaction.

Finally, even if there were a genuine issue of material fact as to whether the alleged misrepresentations were material, Ryan's Consumer Fraud Act claim would still not survive defendants' summary judgment motion because Ryan has failed to show that the misrepresentations proximately caused his damages. *See Martin*, 205 Ill.Dec. at 456, 643 N.E.2d at 747 ("The plaintiff must prove not only that, had he known the truth, he would not have acted, but in addition that the untruth was in some reasonably direct, or proximate, way responsible for his loss.") (quoting *Huddleston v. Herman & MacLean*, 640 F.2d 534, 549 (5th Cir.1981), *aff'd in part, rev'd in part on other grounds*, 459 U.S. 375, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983)). Plaintiffs have, at best, made a showing sufficient to establish that Wersi–Germany's false promises and misrepresentations were "the cause of their entering into the transaction in which they lost money but not the cause of the transaction's turning out to be a losing one." *Bastian v. Petren Resources Corp.*, 892 F.2d 680, 684 (7th Cir.), *cert. denied*, 496 U.S. 906, 110 S.Ct. 2590, 110 L.Ed.2d 270 (1990). Ryan offers no evidence to show a causal connection between the alleged misrepresentations and his damages. For example, Ryan fails to show that his business losses were caused by the lack of exclusive distributorship rights, as opposed to a general downturn in the market for pre-assembled musical instruments or simple cash flow mismanagement. In short, Ryan fails to establish the requisite loss causation. *See Martin*, 205 Ill.Dec. at 456, 643 N.E.2d at 747 (holding that under the Illinois Consumer Fraud Act plaintiffs must prove "loss causation" in order to recover damages). We therefore find that the district court properly entered summary judgment on Ryan's Consumer Fraud Act claim.

## III.

For the reasons set forth above, the decision of the district court is AFFIRMED.